**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                       )<br>          Plaintiff,       )<br>                                       )<br>vs.                             )<br>                                       )<br>ANTHONY JORDAN,       )<br>                                     )<br>         Defendant.      )<br>_____) | Case No.  2:13-cr-00221-APG-CWH<br><br>**REPORT & RECOMMENDATION** |

       This matter was referred to the undersigned Magistrate Judge on Defendant Anthony Jordan's ("Jordan") Motion to Dismiss for Insufficient Evidence (#28), filed November 5, 2013, and the Government's Response (#34), filed November 15, 2013. Jordan did not file a Reply. The Court conducted a hearing on January 16, 2014.

**BACKGROUND**

       On or about April 1, 2013, Marquee Munerlyn ("Munerlyn") was arrested on suspicion of bank robbery. When interviewed by investigators, Munerlyn confessed to the robbery in question and to the robbery of approximately twenty (20) additional banks and businesses. He also implicated Defendant Jordan and Defendant Sesley Williams ("Williams"), who are co-defendants in this case, as the "lookout" and "getaway" driver in most of the robberies. Investigators corroborated the information Defendants Jordan and Williams through surveillance videos, witness statements, cell tower data, and telephone records. Thereafter, on June 12, 2013, the Grand Jury returned an Indictment charging Defendants Jordan and Williams with (1) three counts of bank robbery in violation of 18 U.S.C. § 2113; (2) two counts of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924( c)(1)(A)(i) and (ii); and one count of aiding and abetting in violation of 18 U.S.C. § 2. The case agent testified before the Grand Jury as a summary witness. Munerlyn did not testify before the Grand Jury and was not indicted with

Williams and Sessley. He did, however, plead guilty to a criminal information regarding the same bank robberies for which Defendants Jordan and Williams are charged. *See United States v. Munerlyn*, 2:13-CR-00328-HDM-GWF (#30) (#32) (#34).

By way of this motion, Defendant Jordan argues the indictment against him must be dismissed because of a post-indictment letter submitted to the Court by Munerlyn purporting to recant his earlier statement to investigators (hereinafter "recantation letter") implicating Defendants Jordan and Williams.[1] The statements contained in the recantation letter differ substantially from those given to investigators upon Munerlyn's initial arrest. Munerlyn now claims that: (1) Jordan and Williams had no involvement in the robberies; (2) he "lie[d] and manipulate[d]" them for his "own personal gain;" and (3) he made up the accusations because of the "resentment" he felt towards Williams. The Government first became aware of the recantation letter when it received Defendant's motion (#28) on November 5, 2013.

On November 13, 2013, shortly after the motion to dismiss was filed, the Grand Jury returned a Superceding Indictment against Defendants Jordan and Williams alleging four additional counts of bank robbery in violation of 18 U.S.C. § 2113; one additional count of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924( c)(1)(A)(i) and (ii); and four new counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951. The Superseding Indictment also includes forfeiture allegations pursuant to 18 U.S.C. §§ 981(a)(1)(C), 2113(a), 1956(c)(7)(D), 1961(1)(B); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c). (#29).

Citing *United States v. Basurto*, 497 F.2d 781, (9th Cir. 1974), Defendant Jordan asks the Court to dismiss the indictment for insufficient evidence. The sole basis for the request is Munerlyn's recantation letter purporting to withdraw the prior implication of Defendants Jordan and Williams in the initial statements made to investigators. Defendant Jordan claims that government violated its constitutional obligation to inform the Court, counsel, and the grand jury about false statements. The failure, according to Jordan, requires dismissal of the indictment. The

---

[1] The *ex parte* letter was imaged and is located on the docket at entry #32. The letter is also attached as exhibit A to Defendant Jordan's motion.

Government opposes the motion arguing: (1) that challenging the sufficiency of the indictment is generally prohibited, (2) that the indictment is not based upon perjured testimony because Munerlyn did not testify before the grand jury, and (3) the portion of the case agent's grand jury testimony summarizing Munerlyn's confession was not knowingly false.

## **DISCUSSION**

The Fifth Amendment provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . ." U.S. Const. Amend. V.  Generally, when a duly constituted grand jury returns an indictment valid on its face, no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision. *See Basurto*, 497 F.2d at 785 (citing *Costello v. United States*, 350 U.S. 359, 363-64 (1956)).  Absent a showing that the government flagrantly manipulated, overreached, or deceived the jury, an indictment valid on its face will not be dismissed. *United States v. Stone*, 633 F.2d 1272, 1274 (9th Cir. 1979).[2]  The Ninth Circuit recognizes a narrow exception to the rule against examining the evidence supporting an indictment "when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached." *Basurto*, 497 F.2d at 785; *see also United States v. DeLuca*, 692 F.2d 1277, 1280 (9th Cir. 1982).

Defendant Jordan's motion to dismiss is based exclusively on Munerlyn's recantation letter. Jordan received the letter on October 16, 2013.  The Government received the letter on or around November 5, 2013.  The original indictment was returned on June 12, 2013, approximately four

---

[2] Federal courts draw their power to dismiss indictments from two sources. First, a court may dismiss an indictment if it perceives constitutional error that interferes with the grand jury's independence and the integrity of the grand jury proceeding. "Constitutional error is found where the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice to the defendant." *United States v. Larrazolo*, 869 F.2d 1354, 1357-58 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1984) (internal citations and quotations omitted).  Second, a district court may draw on its supervisory powers to dismiss an indictment. The supervisory powers doctrine "is premised on the inherent ability of the federal courts to formulate procedural rules not specifically required by the Constitution or Congress to supervise the administration of justice." *Id*. at 1358 (citations omitted). Before it may invoke this power, a court must first find that the defendant is actually prejudiced by the misconduct.

months prior to receipt of the recantation letter by either party.  Outside of the mere existence of the recantation letter, Defendant Jordan offers no evidence to support his claim that the government relied upon perjured testimony to obtain the original indictment.  Munerlyn did not testify before the grand jury.  There is no evidence to suggest that the Government was or should have been aware that Munerlyn would attempt to recant his initial statements to investigators.  In short, the indictment appears valid on its face, and no evidence has been provided demonstrating that the government manipulated or deceived the Grand Jury or used perjured testimony to obtain the indictment.  As such, the Court finds that it would be improper to examine the evidence supporting the original indictment and declines to do so.

        The Superceding Indictment, which contains several new charges against Defendants, was filed on November 13, 2013, after the Government received the recantation letter.  At the January 16, 2014, hearing on this matter, the Government indicated that it was willing provide defense counsel with the transcript of the testimony offered by the law enforcement agent who testified before the Grand Jury.  In light of the Government's willingness to provide this testimony to defense counsel, and owing to the unique circumstance where the recantation letter was received immediately prior to the Superceding Indictment, the undersigned ordered the production of the sealed grand jury transcript to address the question of whether the grand jury was presented with perjured, material testimony.

        The undersigned received a copy of the agent's testimony before the Grand Jury on January 16, 2014.  The agent testified that Munerlyn recanted his prior statement which implicated Defendants Jordan and Williams after he (Munerlyn) entered a guilty plea.  The agent further testified that he did not believe the recantation letter to be true because there was corroborating evidence of Defendant Jordan and Williams' participation in the bank robberies, including surveillance video and sophisticated cell phone analysis.  Thus, there is nothing in the record demonstrating that the Government improperly manipulated, presented perjured testimony, or

presented false testimony to the Grand Jury.[3]

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Anthony Jordan's Motion to Dismiss (#28) be **denied**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 20, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[3] The court notes that the government had no duty to disclose Munerlyn's letter to the grand jury. *See United States v. Williams*, 504 U.S. 36, 45-46 (1992) (government has no duty to present exculpatory evidence to a grand jury); *see also United States v. Navarro*, 608 F.3d 529, 537 (9th Cir. 2010) (same); *United States v. Haynes*, 216 F.3d 789, 798 (9th Cir. 2000) ("prosecutors have no obligation to disclose 'substantial exculpatory evidence' to a grand jury."); *United States v. Isgro*, 974 F.2d 1091, 1096 (9th Cir. 1992) (no duty to disclose exculpatory evidence to a grand jury even when the evidence impeaches the credibility of a key witness.)