## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>ANTHONY JORDAN,<br><br>    Defendant | Case No.: 2:13-cr-00221-APG-CWH<br><br>**ORDER DENYING MOTION TO VACATE CONVICTION BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL**<br><br>[ECF No. 258] |

      Defendant Anthony Jordan was convicted of seven counts of aiding and abetting bank robbery, three counts of aiding and abetting the use or brandishing of a firearm in a crime of violence, and three counts of interference with commerce by robbery (Hobbs Act robbery).  He moved to vacate his sentence under 28 U.S.C. § 2255 based on a variety of claims. ECF No. 258. I denied Jordan's claim that the prosecutor abused its discretion and the bulk of his claims that his counsel was ineffective. ECF No. 273.  But I felt there could be some merit to his claim that his counsel incorrectly advised him about the elements of aiding and abetting the use of a firearm in a crime of violence (the § 924(c) offenses). *Id.*  This incorrect advice, Jordan contends, caused him to go to trial instead of accepting a plea offer, resulting in a very lengthy sentence.  I therefore set an evidentiary hearing on that claim.

      I conducted the evidentiary hearing on October 9, 2020.  Based on the evidence presented at that hearing, and the arguments in the parties' briefs, I now deny Jordan's motion to set aside his conviction.  Jordan has not met his substantial burden under *Strickland* to show that his counsel provided ineffective assistance.  And even if he could show that, Jordan was not prejudiced by his counsel's actions because he could have accepted a plea offer after learning of the allegedly deficient advice.

**Background**

Jordan and two others robbed seven banks and three retail stores. Jordan acted as the lookout while Marquee Munerlyn, typically carrying a gun, robbed the establishments. After Munerlyn was arrested, he acknowledged his role in the crimes, implicated Jordan, and pleaded guilty. Jordan elected to go to trial, was convicted, and was sentenced to 730 months in prison.[1]

Jordan contends that his trial counsel, Mace Yampolsky, incorrectly advised him about the elements of aiding and abetting a § 924(c) offense. He claims Yampolsky told him that in order to be convicted, the jury would have to find that he facilitated or encouraged the use of a gun in the robberies. Jordan felt comfortable with this because he did not provide the gun to Munerlyn or encourage him to use it. Doing his own legal research, Jordan came across the Ninth Circuit's decision in *United States v. Alejo*, which included the following statement:

> To be guilty of aiding and abetting the use of the firearm, Alejo must have "directly facilitated or encouraged" the use. . . . Although foreknowledge that a weapon would be used in the robbery may be relevant, it is insufficient on its own to sustain a conviction. . . . Rather, the government must prove a specific intent to aid the firearms crime as well as some act that facilitates or encourages that crime.

128 F. App'x 602, 603 (9th Cir. 2005). Jordan believed this confirmed what Yampolsky had told him. When he shared the case with Yampolsky, Yampolsky seemed to agree that this was a correct statement of the law. Jordan did not state when this conversation occurred. Jordan claims he decided to go to trial instead of accept a plea offer based on *Alejo* and Yampolsky's advice about the elements of this crime.[2]

---

[1] The bulk of Jordan's sentence (660 months, or 55 years) is due to the mandatory and consecutive sentences required for violations of 18 U.S.C. § 924(c).

[2] Jordan also contends Yampolsky did not tell him before trial about the mandatory and consecutive sentences he faced for convictions under § 924(c).

Eight months before Jordan's trial began, the Supreme Court of the United States issued its decision in *Rosemond v. United States*, 572 U.S. 65 (2014). The Court held that a defendant could be convicted of aiding and abetting a § 924(c) violation "by facilitating *either* the drug transaction or the firearm use (or of course both)." 572 U.S. at 74 (emphasis added). This holding was incorporated into the instructions given to the jury in this case.[3] Jordan claims he did not see the jury instructions until the morning they were read at trial, and that is the first time he realized he could be convicted of the § 924(c) charges based solely on facilitating the underlying robberies. By then it was too late to do anything about it.

During closing arguments, while arguing the government had not met its burden of proof regarding the § 924(c) offenses, Yampolsky stated: "[H]e can't be convicted [of aiding and abetting a § 924(c) offense] unless he performed an act to facilitate or encourage the use of the gun, not the robbery itself, the use of the gun." ECF No. 191 at 60. Jordan contends this statement—which was consistent with his prior conversation with Yampolsky—proves Yampolsky did not understand that Jordan could be convicted even without facilitating the use of the gun.

Jordan was convicted and sentenced to 660 months on the § 924(c) charges and 70 months on the robbery charges. He claims he opted to go to trial instead of accept a plea offer based on Yampolsky's incorrect advice about the elements of the § 924(c) crimes. Had he accepted a plea offer, he would have avoided the lengthy sentence he received.

---

[3] *See* ECF No. 81 at 25 ("[I]n the context of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, a person takes the necessary affirmative act if he or she facilitates the use or carriage of a firearm or the commission of the violent crime. . . . "); ECF No. 96 at 19 (same).

3

**Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, Jordan must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness (the "deficiency" prong); and (2) his counsel's deficient performance prejudiced him (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Jordan's burden under *Strickland* is significant. On the deficiency prong, I "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations and quotations omitted). The evidence must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id*. The prejudice prong is just as strict. Jordan must demonstrate a "reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *see also United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (describing *Strickland*'s prejudice prong as a "substantial burden" for the defendant). Jordan must show specific facts demonstrating that, but for Yampolsky's allegedly incorrect advice, a more favorable result was likely. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations not supported by specific facts are insufficient).

**The Deficiency Prong**

Jordan claims Yampolsky did not advise him that he could be convicted of aiding and abetting a § 924(c) violation by facilitating either the robberies or the use of the firearm. Instead, he argues, Yampolsky incorrectly advised him that he could be convicted only if he facilitated or encouraged the use of the gun itself. Jordan points to Yampolsky's statement during closing

4

argument that Jordan "can't be convicted unless he performed an act to facilitate or encourage the use of the gun, not the robbery itself, the use of the gun." Jordan contends this suggests Yampolsky "may have labored under the misapprehension of the applicable law that Jordan claims his counsel foisted upon him." ECF No. 258 at 11. He argues that Yampolsky's incorrect advice caused him to not accept a plea offer made by the government.

During the October 9, 2020 evidentiary hearing, Yampolsky testified that he advised Jordan to plead guilty several times. He pointed out to Jordan that the evidence against him was "damning"; that Jordan was seen on camera in some of the stores during the robberies; and that even if Jordan did not know that a gun would be used the first time, he should have known every other time. Yampolsky believes he made it clear to Jordan that he could be convicted if the government proved he facilitated either the robberies or the use of the gun. He believed if Jordan knew the gun would be used and did not withdraw from the crimes, he could be convicted. Yampolsky recalled Jordan giving him a copy of a case but does not recall if it was *Alejo*. He does not recall specifically reviewing *Rosemond* or whether it effectively overruled *Alejo*, but he knew *Rosemond* was the applicable law and is "almost positive" he told Jordan that *Rosemond* is a correct statement of the law.

In my prior order, I noted that Jordan's reliance on one sentence of Yampolsky's closing argument takes that sentence out of context. That sentence was part of an extended argument to convince the jury to acquit Jordan under any theory presented by the government:

> Now, remember, each and every count is separate. And remember that this count is brandishing or carrying a firearm. It's not the actual bank robbery. So, mere presence is a defense to just about every crime. Just because you're there and a crime is taking place, doesn't mean you're guilty.
>
> So, Mr. Jordan can't be convicted because he knew a firearm was used in and of itself. He can't be convicted.

5

> And, he can't be convicted unless he performed an act to facilitate or encourage the use of the gun, not the robbery itself, the use of the gun. He must aid and abet the underlying crime and knowing that a gun would be used or carried -- let me back it off. Merely aiding the underlying crime and knowing that a gun would be used cannot support a conviction. He must have directly facilitated or encouraged and not simply be aware. And the Government must prove the specific intent to aid the firearms crime; did he acquire the firearms, did he give it to him, did he encourage the use of the gun, did he ever say to Mr. Munerlyn, "You need to use a gun, it's going to help." Well, Mr. Munerlyn was using the gun a long time before he met Anthony Jordan. So you really need to look at that when you talk about the firearms crimes, not the underlying bank robbery, but the firearms crimes.

ECF No. 191 at 60. While somewhat confusing, this does not prove Yampolsky was laboring under an incorrect understanding of the law. More importantly, it does not prove that Yampolsky incorrectly advised Jordan about the elements of the offense of aiding and abetting a § 924(c) violation. Jordan has not met the significant burden of the *Strickland* deficiency prong.

**The Prejudice Prong**

Even if Jordan could satisfy the deficiency prong of *Strickland*, he has not shown prejudice. Jordan testified at the evidentiary hearing that the government did not offer a plea deal until after the jury was seated.[4] At that time, Yampolsky told him if he "copped out," the government would recommend a sentence similar to Munerlyn's: 20 years in prison. Jordan rejected that offer. After he was convicted and before he was sentenced, the government again offered him a plea deal of a 20-year sentence if he cooperated with the government in the upcoming trial of his co-defendant Sesley Williams. By this time, Jordan knew of *Rosemond*, knew the language in the aiding and abetting jury instruction, knew about Yampolsky's alleged

---

[4] Apparently, Jordan never made a plea offer to the government, never requested a plea offer from the government, and never asked his counsel to request a plea offer.

incorrect advice, and knew the lengthy sentence he faced. He could have accepted this new plea deal and avoided the sentence he is now serving. He rejected that opportunity to mitigate the prejudice that may have been caused by Yampolsky's allegedly improper advice.

In essence, Jordan's lengthy sentence is not due to deficiencies in Yampolsky's advice. It is due to Jordan rejecting the government's plea offer despite having full knowledge of that allegedly deficient advice. Jordan has not satisfied his burden under the prejudice prong of the *Strickland* test.

I THEREFORE ORDER that defendant Anthony Jordan's motion to vacate his sentence **(ECF No. 258) is denied.**

DATED this 26th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE