UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>ANTHONY JORDAN,<br><br>　　　　Defendant | Case No.: 2:13-cr-00221-APG-CWH<br><br>Order Granting Certificate of Appealability<br><br>[ECF No. 308] |

　　　　Anthony Jordan moves for a certificate of appealability regarding my denial of his § 2255 motion. ECF No. 308. Jordan contends he was denied the effective assistance of counsel because his lawyer failed to explain to him the elements of his charges for aiding and abetting the use of a firearm in a crime of violence. He also contends that his conviction for aiding and abetting bank robbery cannot serve as a predicate crime of violence for his 18 U.S.C. § 924(c) conviction. The Government did not respond to Jordan's motion for a certificate.

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255 unless a district court issues a certificate of appealability based on a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(B). The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

*United States v. Givens*, 268 F. Supp. 3d 1108, 1124 (D. Nev. 2017) (internal citations and quotations omitted).

　　　　After an evidentiary hearing, I denied Jordan's claim that he was denied the effective assistance of counsel. ECF No. 306. However, reasonable minds could disagree with my

decision, and a court could resolve the issue differently. I will grant a certificate regarding that issue.

With regard to Jordan's § 924(c) argument, I denied his earlier motion to include that claim in an amended § 2255 motion. *See* ECF No. 290. I relied on *United States v. Watson*, where the Ninth Circuit held that bank robbery (in violation of 18 U.S.C. § 2113(a)), qualifies as a crime of violence. 881 F.3d 782 (9th Cir. 2018). Jordan claimed in his proposed amended motion that because aiding and abetting a bank robbery can be accomplished without physical violence, it does not categorically qualify as a "crime of violence." Jordan cites to decisions in other circuits that he believes call *Watson* into question, such as the Seventh Circuit's holding in *United States v. Jenkins*, which found that federal kidnapping is not a crime of violence. *See United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017), *cert. granted, judgment vacated*, 138 S. Ct. 1980 (2018). Jordan argues that *Jenkins* applies the same reasoning that was used in a number of cases that overturned § 924(c) convictions based on the "elements" or "residual" clauses of that statute, including *United States v Davis*, 139 S. Ct. 2319 (2019).

Caselaw regarding the "elements" and "residual" clauses of § 924(c) has been developing over the past few years. Although *Watson* resolved the issue of bank robbery as a crime of violence in this circuit, not every circuit agrees. And the overlay of "aiding and abetting" muddies the water. Jordan was sentenced to 660 months on his § 924(c) charges and 70 months on his robbery charges. That is significantly longer than the 240-month sentence imposed upon his co-conspirator Marquee Munerlyn, who committed most of the robberies and brandished the weapons. Jordan's sentence was driven, in large part, by the mandatory and consecutive nature of § 924(c). Given his lengthy sentence, Jordan should be afforded every reasonable opportunity to challenge his conviction and sentence, and he deserves encouragement to proceed further on

these issues. *Givens*, 268 F. Supp. 3d at 1124. The issues are "debatable among jurists of reason" and "a court could resolve the issues in a different manner." *Id*. Thus, I will grant a certificate of appealability.

I HEREBY ORDER that defendant Jordan's motion for a certificate of appealability **(ECF No. 308) is granted**. Based on 29 U.S.C. § 2253(c)(2) and (3), I issue a certificate of appealability regarding Jordan's claims of ineffective assistance of counsel and that his convictions for aiding and abetting bank robbery should not be considered crimes of violence under 18 U.S.C. § 924(c).

DATED: November 24, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE